**Michael R. Curran**
**Attorney-at-Law**
**98-120 Queens Boulevard, Suite #1-C**
**Rego Park, New York  11374-4414**
**(718) 830-0246 (main)/(718) 830-7741 (direct)**
**(718) 830-9088 (facsimile)**
mrc4law@yahoo.com

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

-------------------------------------------------------------------X
:
**TRAVELODGE HOTELS, INC.**, a           :     Civil Action No. 14-cv-07115 (SRC)(CLW)
**Delaware Corporation,**                :
                                         :
           **Plaintiff,**                :     <u>**ANSWER WITH COUNTERCLAIM**</u>
                                         :     <u>**DEFENSES, AND**</u>
        v.                               :     <u>**DEMAND FOR JURY TRIAL**</u>
                                         :
**BAPU CORPORATION**, a New Jersey       :
**Corporation and HARSHAD PATEL**, an    :
**Individual,**                          :
                                         :
           **Defendants.**               :
-------------------------------------------------------------------X

Defendants BAPU CORPORATION and HARSHAD PATEL ("defendants"), by their attorney, Michael R. Curran, answer the Complaint of plaintiff TRAVELODGE HOTELS, INC. ("plaintiff") as follows:

## ADMISSIONS AND DENIALS

### Parties, Jurisdiction and Venue

1. Defendants deny knowledge or information sufficient to form a belief as to the allegations of paragraph 1 of the complaint.

2. Defendants admit the allegations of paragraph 2 of the complaint.

3. Defendants neither admit nor deny the allegations of paragraph 3 of the complaint.

4. Defendants neither admit nor deny the allegations of paragraph 4 of the complaint to the extent the allegations require a legal conclusion, but admit the allegations to the extent that the Court has subject matter jurisdiction over this dispute.

5. Defendants deny the allegations of paragraph 5 of the complaint.

6. Defendants deny the allegations of paragraph 6 of the complaint.

7. Defendants neither admit nor deny the allegations of paragraph 7 of the complaint to the extent the allegations require a legal conclusion, but admit that, upon information and belief, venue is proper in the judicial District of New Jersey.

## Allegations Common to All Counts

8. Defendants knowledge or information sufficient to form a belief as to allegations in paragraphs 8 through 16 of the complaint, leaving plaintiff to its proofs.

9. Defendants neither admit nor deny the allegations contained in paragraphs 17 through 30 of the complaint, leaving plaintiff to its proofs, except that defendants admit the plaintiff and the corporate defendant did have a business relationship involving the hotel business.

10. Defendants deny the allegations in paragraph 31 of the complaint.

11. Defendants deny the allegations in paragraph 32 of the complaint as to legal conclusions drawn therein, leaving plaintiff to its proofs, and submitting that the document speaks for itself.

12. Defendants deny the allegations in paragraph 33 of the complaint as to legal conclusions drawn therein, leaving plaintiff to its proofs, and submitting that the document speaks for itself.

13. Defendants deny the allegations in paragraph 34 of the complaint as to legal conclusions drawn therein, leaving plaintiff to its proofs, and submitting that the document speaks for itself.

14. Defendants deny the allegations in paragraph 35 of the complaint to the extent they require a legal conclusion.

15. Defendants deny the allegations in paragraph 36 of the complaint to the extent they require a legal conclusion.

16. Defendants deny the allegations in paragraph 37 through 39 of the complaint.

## FIRST COUNT

17.     Defendants repeat and reallege each and every allegation set forth above in answer to paragraphs 1 through 39 of the complaint as if set forth more fully herein, responding to paragraph 40 of the complaint.

18.     Defendants neither admit nor deny the statement of law in paragraph 41 of the complaint, as the statute speaks for itself.

19.     Defendants deny the allegations in paragraph 42 of the complaint.

20.     Defendants neither admit nor deny the statement of law in paragraph 43 of the complaint, as the statute speaks for itself.

21.     Defendants deny the allegations in paragraph 44 of the complaint.

22.     Defendants neither admit nor deny the statement of law in paragraph 45 of the complaint, as the statute speaks for itself.

23.     Defendants deny the allegations in paragraphs 46 through 49 of the complaint.

24.     Defendants neither admit nor deny the allegations in paragraph 50 of the complaint.

## SECOND COUNT

25.     Defendants repeat and reallege each and every allegation set forth above in answer to paragraphs 1 through 50 of the complaint as if set forth more fully herein, responding to paragraph 51 of the complaint.

26.     Defendants neither admit nor deny the allegations in paragraph 52 of the complaint, leaving plaintiff to its proofs.

27.     Defendants deny the allegations in paragraphs 53 through 54 of the complaint.

## THIRD COUNT

28. Defendants repeat and reallege each and every allegation set forth above in answer to paragraphs 1 through 54 of the complaint as if set forth more fully herein, responding to paragraph 55 of the complaint.

29. Defendants deny the allegations in paragraph 56 of the complaint.

30. Defendants neither admit nor deny the allegations in paragraph 57 of the complaint, leaving plaintiff to its proofs.

31. Defendants deny the allegations in paragraphs 58 through 60 of the complaint.

## FOURTH COUNT

32. Defendants repeat and reallege each and every allegation set forth above in answer to paragraphs 1 through 60 of the complaint as if set forth more fully herein, responding to paragraph 61 of the complaint.

33. Defendants deny the allegations in paragraphs 62 through 64 of the complaint.

## FIFTH COUNT

34. Defendants repeat and reallege each and every allegation set forth above in answer to paragraphs 1 through 64 of the complaint as if set forth more fully herein, responding to paragraph 65 of the complaint.

35. Defendants neither admit nor deny the allegations in paragraph 66 of the complaint, leaving plaintiff to its proofs.

36. Defendants deny the allegations in paragraphs 67 through 68 of the complaint.

## SIXTH COUNT

37. Defendants repeat and reallege each and every allegation set forth above in answer to paragraphs 1 through 68 of the complaint as if set forth more fully herein, responding to paragraph

69 of the complaint.

38. Defendants neither admit nor deny the allegations in paragraph 70 of the complaint, leaving plaintiff to its proofs.

39. Defendants deny the allegations in paragraphs 71 through 73 of the complaint.

## SEVENTH COUNT

40. Defendants repeat and reallege each and every allegation set forth above in answer to paragraphs 1 through 73 of the complaint as if set forth more fully herein, responding to paragraph 74 of the complaint.

41. Defendants deny the allegations in paragraphs 75 through 77 of the complaint.

## EIGHTH COUNT

42. Defendants repeat and reallege each and every allegation set forth above in answer to paragraphs 1 through 77 of the complaint as if set forth more fully herein, responding to paragraph 78 of the complaint.

43. Defendants deny the allegations in paragraphs 79 through 82 of the complaint.

## Prayer for Relief

Defendants pray for judgment that:

A. Plaintiff take nothing by its complaint in this action.

B. Judgment be entered for defendants in this action.

C. Defendants be awarded costs of this suit.

D. Defendants be awarded reasonable attorney's if supportable in law or contract.

E. Defendants be granted any and all other relief to which this Court may find just and proper.

## Defendants' Affirmative Defenses

44. Plaintiff has not alleged the inapplicability of arbitration under the agreement alleged and

5

the suit may be barred by the federal preference for arbitration of commercial disputes.

45.     Plaintiff's claims, upon information and belief, are defeated by condition precedent and condition subsequent under the agreement.

46.     Plaintiff did not properly terminate defendants' license and any act by defendants was reasonable in view of the defective termination.

47.     Plaintiff verbally modified the agreement with defendants, upon which defendants placed reliance, which led to defendants' prejudice, in particular when plaintiff initiated a lawsuit.

48.     Plaintiff ratified defendants' conduct of which it now complains and is barred from suing on conduct that plaintiff ratified.

49.     Plaintiff is barred from suing under the theory it waived certain conduct of defendants of which plaintiff now complains.

50.     Plaintiff's surety with defendant Patel is defective, as the guaranty was intended by the parties to be limited up to the time of surrender of the service marks, et al.

## COUNTERCLAIM

51.     Defendants repeat and reallege each and every allegation set forth above in answer to paragraphs 1 through 82 of the complaint, as if set forth more fully herein.

52.     Plaintiff breached the New Jersey common law implied Covenant and Fair Dealing that exists in every New Jersey contract by acting arbitrarily, capriciously and unreasonably in not permitting defendants cure, or inducing cure, which was terminated arbitrarily, capriciously and unreasonably, damaging the defendants.

53.     Defendants were unreasonably damaged by the loss of plaintiff's service mark and trademarked name and suffered a monetary loss capable of estimation.

54.     Defendants suffered loss of good will, which cannot be specifically ascertained monetarily.

55.     Defendants thus demand monetary damages in the sum of $500,000, pertaining to loss of revenue and good will with customers, within the community and the within hotel lodging industry in general.

Wherefore, defendants respectfully demand judgment dismissing the complaint herein with prejudice and awarding defendants damages in the sum of $500,000 as set forth above herein.

### Demand for Jury Trial

Defendants demand a jury trial as to all issues so triable, in particular the counterclaim pertaining to the New Jersey implied Covenant of Good Faith and Fair Dealing.

Dated:     September 24, 2015

*Michael R. Curran/s/*
Michael R. Curran mc2639
Attorney for Defendants

### Certification

I certify that the foregoing pleading in this matter is not frivolous and is submitted in good faith, after having had discussions with the clients who disclosed in general books and records

*Michael R. Curran/s/*
Michael R. Curran